(16 Misc. Rep. 37.)

### WHISTEN v. BRENGAL.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

NEGLIGENCE OF EMPLOYE.

> Defendant, manager of the business of plaintiff's intestate, allowed a certain sum of money to remain in a safe where his employer had left it, and to which there was neither an available combination lock nor a key, and in which such employer ordinarily kept articles of value. Several days after defendant discovered the money, it was missing. *Held*, that a finding that defendant was not guilty of negligence in failing to deposit such money in bank, in the absence of evidence that the premises and the safe were more than ordinarily exposed to the successful efforts of thieves, would not be disturbed.

Appeal from New York district court.

Action by Stephen A. Whisten, as administrator of the estate of William Whisten, deceased, against William Brengal, to recover damages alleged to have accrued to the estate from the loss of a

sum of money caused by the negligence of defendant as bailee. From a judgment for defendant, plaintiff appeals.     Affirmed.

Argued before McADAM and BISCHOFF, JJ.

Wm. North, for appellant.

I. N. Williams, for respondent.

BISCHOFF, J.   The defendant, an employé of one William Whisten, the plaintiff's intestate, was sued for the loss of $150, which sum came into the defendant's possession while acting as the manager of Whisten's business, during the latter's illness, which resulted fatally.   The sum in suit was discovered by the defendant lying in the safe in which his employer ordinarily kept articles of value to his business, the safe having been habitually maintained unlocked at all times by the latter, who had asserted that he had "honest people around here," alluding to the premises in which the business was conducted.   The defendant notified his employer of the discovery of this money, which he had replaced in the portion of the safe where it had lain.   Some days subsequently it was missing from the safe, and upon the defendant's failure to pay the equivalent over to the plaintiff upon a demand made after Whisten's death, this action was brought to charge the defendant either upon an admission of liability or for negligence as a bailee.

With regard to the admission of liability there was a direct conflict of evidence, resolved, and not, as we may say, improperly, in the defendant's favor, but the plaintiff contends that there was negligence upon the defendant's part in that he did not bank the fund, rather than leave it as it was found in a receptacle which had neither an available combination lock nor a key.   We are quite satisfied, however, with the manner in which the case was determined below.   The defendant's duties, of course, called for ordinary care in preserving the fund in question, but that "ordinary care" was the degree of caution which a reasonably prudent person would exercise under the existing circumstances, and no more.   The presumption in favor of the performance of duty cast the burden of proof with regard to the defendant's negligence, his omission to exercise ordinary care, upon the plaintiff (Claflin v. Meyer, 75 N. Y. 260; Bailey, "Onus Probandi," 31); and the record before us is destitute of all support in that respect.   Here the defendant but followed in the footsteps of his employer, whom naturally he would imitate in the temporary conduct of the business devolving upon him.   His employment would not ordinarily call for greater circumspection than the employer applied to the security of his possessions.   We cannot infer from the record that the employer's sense of security was of a Utopian or eccentric character, because the evidence fails to apprise us that the premises in which the employer's business was conducted, and the safe contained, were more than ordinarily exposed to the successful efforts of persons affected with marauding proclivity.   The deposit of the money in bank was but one of many means of securing the fund against theft, and it does not follow that the defendant was guilty of negligence because he did not resort to the particular means of security pre-

ferred by the plaintiff, but, instead, followed the example of his employer. Without knowing more of the premises where the safe was contained than the plaintiff cared to show upon the trial, we cannot say that the defendant omitted the caution of an ordinarily prudent person, and so that, as matter of law, he was negligent.

No exceptions were urged upon this appeal, and, upon the evidence, the judgment is affirmed, with costs.